967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon L. WALGREN, Defendant-Appellant.
 No. 91-30249.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 1, 1992.
Decided June 18, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gordon Walgren was convicted, as a result of an FBI sting operation, of accepting bribes in exchange for legislative influence. This is his latest in a string of appeals of the conviction. This court has jurisdiction pursuant to 28 U.S.C. section 1291, and we affirm.
 
 FACTS
 
 3
 Gordon Walgren, a former Washington State Senate Majority Leader, was arrested, as part of a 20-month FBI sting operation called "Gamscam." Walgren was charged with 19 separate counts, including extortion, conspiracy, mail fraud, RICO violations and Federal Travel Act violations. The indictment was based on an agreement whereby Walgren, State Speaker of the House John Bagnariol, and lobbyist Patrick Gallagher promised to use legislative influence to legalize gambling in exchange for eighteen percent of a fictitious corporation, So-Cal, controlled by FBI agents.
 
 
 4
 Walgren was convicted on three counts: mail fraud, a RICO violation, and a Travel Act violation. He was sentenced to five years. This court affirmed his conviction. United States v. Bagnariol, 665 F.2d 877 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982). Walgren moved for a new trial and a writ of coram nobis vacating his mail fraud and RICO convictions. The district court denied both, and this court reversed. United States v. Walgren, 885 F.2d 1417 (9th Cir.1989). This court vacated the two convictions and remanded for consideration of his motion for a new trial on the remaining Travel Act conviction. This case is an appeal from the district court's denial of a new trial.
 
 
 5
 The Travel Act conviction is based on a conversation Walgren had with undercover FBI agent Harold Heald (known as "Hal Reed" to Walgren). The jury implicitly found that Walgren used the telephone with the intent to promote and carry on bribery in violation of state law and to promote and carry on extortion in violation of federal law. In the phone conversation, Walgren and Heald discussed a gambling bill and the possible sale of Walgren's trucking business.
 
 
 6
 After he was convicted, Walgren made Freedom of Information Act (FOIA) requests of the FBI, Department of Justice and the U.S. Attorney's Office for information relating to his case. The information he recovered is the basis of his request for a new trial.
 
 DISCUSSION
 
 7
 A. Denial of Walgren's Motion for a New Trial
 
 
 8
 Walgren first claims that he is entitled to a new trial or a dismissal because the government failed to disclose evidence favorable to the defense for impeachment purposes, pursuant to Brady v. Maryland, 373 U.S. 83 (1963). As the defendant notes in his brief, this court has said that the denial of a defendant's motion for a new trial based on newly discovered evidence should be reviewed for an abuse of discretion. Walgren, 885 F.2d at 1426.[1] However, this court reviews alleged Brady violations de novo. We find no error in the district court's denial of Walgren's motion for a new trial.
 
 
 9
 This court said that Walgren's first claim should be decided by the district court under the following standard:
 
 
 10
 When the prosecutor fails to disclose evidence favorable to the accused, 'The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.
 
 
 11
 Walgren, 885 F.2d at 1427-28. The court said also that if Walgren could not show government misconduct using the above standard, then he must meet the standard the district court had used, that the evidence was newly discovered, material and likely to produce an acquittal, and that his failure to discover it sooner was not due to lack of diligence. Walgren, 885 F.2d at 1428 (citing United States v. Kenny, 645 F.2d 1323, 1343 (9th Cir.), cert. denied, 452 U.S. 920 (1981)).
 
 
 12
 The district court's order denying the motion correctly applied this standard. In fact, the order is very persuasive; it goes through, in great detail, each bit of evidence Walgren now offers and explains how it is not material and how, if all of the disputed evidence had been disclosed to the defense, there was no reasonable probability that it would have changed the result. After reviewing the record carefully, we conclude that the district judge's findings are correct.
 
 
 13
 Among other claims, Walgren asserts that he was harmed by the destruction of some of Agent Heald's rough notes.[2] But, what were in fact destroyed were rough drafts of Form 302s, not rough notes. As the district court noted, this issue was fully litigated at trial. The district court denied Walgren's motion (several proceedings ago) to suppress Heald's testimony and the decision was affirmed on appeal. Walgren, 665 F.2d at 889-90.
 
 
 14
 Walgren wants discovery regarding the handwritten notes, which the government maintains are not Agent Heald's. Walgren is not convinced that they are not Heald's notes, and wants discovery because most, but not all, have been identified as Agent Gordon's notes. He also wants discovery because some of the notes are illegible. But discovery would not prove helpful for two reasons. First, Heald testified at trial that he took no notes at crucial meetings for obvious reasons. Second, Walgren has shown no issue which would make Gordon's notes relevant.
 
 
 15
 Walgren claims that he needed the "newly discovered" evidence to impeach the government agents. This was critical, he claims, because the agents' testimony was uncorroborated. Contrary to Walgren's assertion, however, the agents' testimony was corroborated in large part by a government witness, a reporter.
 
 
 16
 None of the "newly discovered" evidence is material. There does not seem to be a "reasonable probability that, had the evidence been disclosed" to Walgren, "the result of the proceeding would have been different." In fact, the evidence largely corroborates the agents' testimony. The judge did not err in so finding. Nor, as we stated in our earlier opinion, does the material offered by Walgren meet the regular requirements for a new trial on the ground of newly discovered evidence. See Walgren, 885 F.2d at 1428. As the district court again made clear on remand, the proffered evidence would not probably produce an acquittal.
 
 
 17
 B. Alleged Use of Perjured Testimony at Trial by Government
 
 
 18
 Walgren also claims that his conviction should be reversed or he should be granted a new trial because the government made knowing use of perjured testimony. Denial of a motion for a new trial is reviewed for an abuse of discretion. Hard v. Burlington N.R.R., 812 F.2d 482, 483 (9th Cir.1987).
 
 
 19
 Walgren claims that "knowing use" may be inferred from the undisclosed evidence before the court. This court has said that the conviction should be set aside on this basis if "there is any reasonable likelihood that this evidence could have affected the judgment of the jury." Walgren, 885 F.2d at 1427 (citation omitted) (emphasis in original). Perjured testimony is material " 'unless failure to disclose it would be harmless beyond a reasonable doubt.' " Id. (citation omitted). But first the court must be "reasonably well satisfied that the testimony given by a material witness is false." United States v. Macklin, 561 F.2d 958, 961 (D.C.Cir.), (quoting Larrison v. United States, 24 F.2d 82, 87 (7th Cir.1928)), cert. denied, 434 U.S. 959 (1977). Walgren bears the burden of establishing the grounds for his motion for a new trial. Walgren, 885 F.2d 1417, 1427-28.
 
 
 20
 The district court properly denied the motion because it was not reasonably well satisfied that the testimony of the agents was false, and its findings that there had been no perjury were not clearly erroneous. In addition, there was no reasonable likelihood that the evidence in question could have affected the judgment of the jury. We conclude that the district court did not err.
 
 
 21
 C. Denial of Walgren's Request for an Evidentiary Hearing
 
 
 22
 Walgren claims that "[a]lthough much of the information which the Government produced to Walgren was exculpatory on its face, some of the information was ambiguous and further discovery could have settled the District Court's doubts concerning its exculpatory nature and its effect at trial." It is clear from the record that the district court had no such doubts. If anything, the "undisclosed evidence" was consistent with the government's case as presented at trial and thus corroborated the government agents' testimony. The district court concluded that the material was exculpatory only if portions of it were considered out of context. After reviewing the record, we agree with this assessment. The district court determined that further discovery and hearings would just prolong the inevitable and proper result, wasting money and resources in the meantime. We find that the district court acted properly in refusing further discovery or hearings. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendant asserts that the proper standard is de novo review. For this proposition he improperly cites Bagley v. Lumpkin, 798 F.2d 1297 (9th Cir.1986). Bagley, however, was a habeas corpus denial appeal, and such cases are always reviewed de novo. His cite to this case is somewhat misleading. Nothing in that case states that the standard of review of the denial of a new trial changes when the charge is governmental misconduct
 
 
 [2]
 We feel no need to address each of Walgren's allegations individually because the district court did a thorough job in its analysis